IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TROY MARTINEZ, an individual,<br><br>                   Plaintiff,<br>v.<br><br>DRAPER CITY, a municipal corporation; DRAPER COMMUNITY FOUNDATION AKA DRAPER FOUNDATION, a non-profit corporation, TROY K. WALKER, Mayor of Draper City; AJ CLAYSON, Draper Community Foundation Parade Director and Draper Days Co-chair; LORI BIRD, Draper Days Director; DAVID DOBBINS, Draper City Manager; MIKE BARKER, Draper City Attorney; LAMONT SMITH, Treasurer of Draper Community Foundation; ROBIN MCCULLOCH, President of Draper Community Foundation; WILLIAM RAPPLEYE, JEFF STENQUIST, ALAN SUMMERHAYS, MARSHA VAWDREY, Draper City Council Members; JOHN DOE I-XX, unidentified members that control the Draper Days Parade.,<br>                   Defendants. | **MEMORANDUM DECSION AND ORDER DENYING PLAINTIFF'S [3] MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION**<br><br>Case No. 2:17-cv-00772<br><br>District Judge David Nuffer |

In conjunction with his amended complaint,[1] Plaintiff Troy Martinez ("Mr. Martinez") moves ("Motion")[2] for the entry of a temporary restraining order and (or in the alternative) a preliminary injunction against Defendants Draper City, Troy K. Walker, David Dobbins, Mike Barker, William Rappleye, Jeff Stenquist, Alan Summerhays, Marsha Vawdrey (collectively "Draper City Defendants"), Draper Community Foundation, AJ Clayson, Lori Bird, Lamont

---

[1] Amended Complaint for Damages and Injunctive Relief (Violation of Civil Rights) ("Amended Complaint"), docket no. 25, filed July 14, 2017.

[2] Motion for Temporary Restraining Order/Preliminary Injunction, docket no. 3, filed July 12, 2017.

Smith, and Robin McCullough barring them from denying Martinez's entry permit into the Draper Days Parade ("Parade") on the basis of Draper City Resolution No. 15-28 and Draper City Policy 15-01. The Draper Defendants[3] oppose the motion ("Opposition").[4]

The parties appeared telephonically at a hearing on the Motion.[5] After reviewing the filings and facts, findings and conclusions were made on the record that Mr. Martinez cannot satisfy the four requirements for a temporary restraining order or preliminary injunction. The motion was DENIED.[6] This memorandum decision and order memorializes the findings of fact and conclusions of law announced during that hearing.

## FINDINGS OF FACT

1. Draper City conducts a public parade as part of its Draper Days Activities.[7]

2. This year, the Parade is held July 15, 2017.[8]

3. Under Draper City Resolution No. 15-28 and Policy 15-01, currently serving city officials can march in the parade, provided that they are not identified as political candidates.[9]

---

[3] Because of the timing of the filing of the complaint, Motion, and the hearing, only the Draper City Defendants, as specified above, had counsel file an appearance and file an opposition to the Motion. *E.g.*, Notice of Appearance of Counsel, docket no. 8, filed July 13, 2017, at 12:16 p.m., Notice of Appearance of Counsel, docket no. 9, filed July 13, 2017, at 12:22 p.m., Notice of Appearance of Counsel, docket no. 10, at 12:28 p.m., Notice of Appearance of Counsel, docket no. 11, filed July 13, 2017, at 12:41 p.m., filed July 13, 2017, and Opposition to Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction, docket no. 29, filed July 14, 2017 at 12:20 p.m. At the time of the hearing, counsel for Defendants Draper Community Foundation, AJ Clayson. Lori Bird, Lamont Smith, Robin McCullough had not appeared.

[4] Opposition to Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction ("Opposition"), docket no. 29, filed July 14, 2017.

[5] Minute Order, Proceedings Held before Judge Nuffer, docket no. 33, entered July 14, 2017.

[6] *Id.*

[7] Amended Complaint ¶ 21.

[8] *Id.* ¶ 22.

[9] *See generally* Draper City Resolution No. 15-28, Amended Complaint, Ex. AAA and Draper City Policy 15-01, Amended Complaint Ex. BBB.

4.     Utah Code Ann. Section 20A-11-1203 provides: "Unless specifically required by law, and except as provided in Section 20A-11-1206, a public entity may not make an expenditure from public funds for political purposes or to influence a ballot proposition."[10]

5.     Applicants who wished to march in the parade had to apply online before July 1, 2017 or until the 100 available spots were taken.[11]

6.     Mr. Martinez applied for entry as a participant in the parade on May 3, 2017.[12]

7.     Mr. Martinez indicated that he was applying to participate in the parade as a candidate for Draper City mayor.[13]

8.     On June 2, 2017, Mr. Martinez received an email from Draper City Foundation Treasurer Lamont Smith, indicating that Mr. Martinez's parade application was currently under legal review and that a response to his parade entry would be forthcoming.[14]

9.     On June 13, 2017, Mr. Martinez received his official declination letter. The official response was that Draper City Foundation adopted Draper City Resolution 15-28 and would not allow political campaigning to occur during the Parade.[15]

10.    Mr. Martinez filed the Motion on July 12, 2017 at 1:27 pm.[16]

## CONCLUSIONS OF LAW

A party seeking a temporary restraining order or preliminary injunction must demonstrate four elements: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm

---

[10] Opposition ¶ 7.

[11] Amended Complaint ¶ 34.

[12] *Id.* ¶ 35.

[13] *Id.* ¶¶ 35-36.

[14] *Id.* ¶ 40.

[15] *Id.* ¶ 42.

[16] Motion for Temporary Restraining Order/Preliminary Injunction, docket no. 3, filed July 12, 2017.

unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest."[17] Preliminary injunctions that alter the status quo are specifically disfavored, and a movant bears the heightened burden of "showing that the traditional four factors weigh heavily and compellingly in its favor before obtaining a preliminary injunction."[18] If Mr. Martinez were to obtain a temporary restraining order or preliminary injunction here, it would alter the status quo of how the defendants conduct and manage the Parade. It is therefore as disfavored injunction and Mr. Martinez fails to demonstrate in his motion how the traditional four factors weigh heavily and compellingly in his favor.

The late filing of this case is also very concerning. The case was filed three days before the date of the Parade,[19] and the complaint was amended the day before the Parade.[20] Counsel for some of the named defendants appeared the day before the hearing[21] and filed their opposition the following day.[22] The timing of Mr. Martinez's complaint motion has subjected the defendants to the greatest inconvenience possible and given the court the least amount of time possible to resolve the motion. These are not the type of actions which would appropriately invoke the aid of equity. Injurious timing aside, Mr. Martinez fails to carry his burden on each required element. Those elements are addressed in turn.

---

[17] *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (internal quotation marks and brackets omitted).

[18] *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012).

[19] Complaint for Damages and Injunctive Relief (Violation of Civil Rights), docket no. 2, filed July 12, 2017.

[20] *See supra* note 1.

[21] *See supra* note 3.

[22] *See supra* note 4.

### 1. Plaintiff has not demonstrated a substantial likelihood of success on the merits.

Mr. Martinez bears the burden of demonstrating that it is substantially likely that he will prevail on the merits of his case.[23] Despite Mr. Martinez's argument that Draper City's resolution, policy, and actions here infringe on his First Amendment freedoms,[24] the Parade is a form of government speech that *does not* implicate First Amendment concerns. Furthermore, the Parade can be considered a limited public forum in which the defendants can impose reasonable restrictions on speech. Finally, even if the Parade cannot be considered government speech or a limited public forum, public policy justifies the prohibition on political candidates appearing in the Parade because Resolution 15-28 protects Draper City from violating clearly articulated state law.

If actions taken by the government qualify as government speech, the government enjoys significant latitude. "When the government speaks, it is not barred by the Free Speech Clause from determining the content of what it says."[25] The government "is entitled to promote a program, to espouse a policy, or to take a position."[26] "In doing so, it represents its citizens and it carries out its duties on their behalf."[27] Government speech therefore includes that which "communicate[s] messages … by … governments," is "closely identified in the public mind" with the government and which the government "maintain[s] a degree of control over the message conveyed."[28]

---

[23] *Diné Citizens* 839 F.3d at 1281.

[24] Motion at 7.

[25] *Walker v. Texas Div., Sons of Confederate Veterans, Inc.*, 135 S. Ct. 2239, 2245 (2015) (citing *Pleasant Grove City v. Summum*, 555 U.S. 460, 467-68 (2009)).

[26] *Id.* at 2246.

[27] *Id.*

[28] *Id.* at 2245-46.

The Parade satisfies all three of those factors and can be considered government speech. The parade is funded, organized, and carried out by the Draper Community Foundation and Draper City. Residents would readily associate the Parade with Draper City. And Draper City—through the adoption of the Resolution and Policy—maintains a degree of control over the messages conveyed in the parade, particularly when it comes to the city's elections. Mr. Martinez, in turn, does not have an unfettered right to control promulgation of ideas by the government.

Even if the Parade is not considered government speech, it constitutes a limited public forum subject to appropriate speech restrictions. It is within the government's authority to create limited public forums that allow "selective access to some speakers or some types of speech."[29] "Any government restriction on speech in a limited public forum must only be reasonable in light of the purpose served by the forum and be viewpoint neutral."[30]

The restrictions on who may appear in the parade are reasonable in light of the purpose of the parade and the restrictions are certainly viewpoint neutral. The Parade focuses on the city's history, on family, on heritage, and on a sense of community—it is decidedly nonpolitical.[31] Because politics tend to strain relationships and divide communities, Draper City has chosen to prohibit political campaigning within the parade itself.[32] Those currently serving city officials who appear in the Parade will not indicate that they are incumbents seeking reelection.[33] These

---

[29] *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1202 (10th Cir. 2007) (internal citation omitted).

[30] *Id.*

[31] *See* Draper City Policy 15-01, Amended Complaint, Ex. BBB.

[32] *Id.*

[33] *Id.*

restrictions are being exercised in a fair and even-handed manner to ensure that local politics do not detract from the unifying, community-centric message of the parade.

Even if the parade cannot enjoy the protections of government speech or as a limited public forum, the prohibition on campaigning during the parade serves the compelling governmental interest of maintaining compliance with state law. "[A]ny restriction based on the content of the speech must satisfy strict scrutiny, that is, the restriction must be narrowly tailored to serve a compelling government interest."[34] Here, Utah Code Section 20A-11-1203 clearly prohibits the use of public funds for the endorsement of political views or candidates.[35] This would include political advocacy by candidates during a publicly funded event.[36] The presence of an actively campaigning candidate in the parade could readily be construed as a violation of state law and would expose the city to liability. The prohibition on that sort of activity serves Draper City's compelling interest to comply with state law.

The resolution and policy were in place long before Mr. Martinez chose to enter the mayoral race, and they offer continued protection to the city. Mr. Martinez has not demonstrated the substantial likelihood of his success on the merits of his claims.

### 2. Plaintiff will not suffer irreparable harm in the absence of an injunction.

In moving for an injunction or restraining order, Mr. Martinez must show that some form of "irreparable harm [would occur] unless the injunction is issued."[37] The circumstances surrounding the timing of Mr. Martinez's filings hamper his argument here. While "delay in

---

[34] *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 469, 129 S. Ct. 1125, 1132, 172 L. Ed. 2d 853 (2009) (internal citations omitted).

[35] *See* Utah Code Ann. Section 20A-11-1203.

[36] *See* Draper City Resolution 15-28, Amended Complaint, Ex. AAA.

[37] *Diné Citizens*, 839 F.3d at 1281.

seeking preliminary relief cuts against finding irreparable injury[,]"[38] it "is only one factor to be considered among others, and there is no categorical rule that delay bars the issuance of an injunction."[39] "The question instead is whether the delay was reasonable, was not a decision by the party to sit on its rights, and did not prejudice the opposing party."[40]

The timing of the filing of this case answers those questions in favor of the defendants. Again, Mr. Martinez received his official declination letter on June 13 and waited until three days before the Parade to file this lawsuit. While Mr. Martinez may have had challenges in finding counsel, the result still is that his lawsuit was filed at a time that would cause the defendants the greatest possible inconvenience, if not prejudice.

Significantly, the Parade actually provides Mr. Martinez with an alternative means to advance his candidacy. Mr. Martinez can readily utilize the adjacent sidewalks and parade sidelines to meet voters. Indeed, because he will not be walking in the Parade as a candidate, he actually has a better campaigning opportunity than the participants in the parade against whom he might be running. Given the ability that Mr. Martinez has to campaign *adjacent* to the Parade, it is difficult to find that he will suffer irreparable harm in the absence of an injunction in these specific circumstances.

### 3. Any injury that threatens the Plaintiff does not outweigh the harm that a temporary restraining order or preliminary injunction may cause to the defendants.

Mr. Martinez has not demonstrated that his "threatened injury outweighs the injury the opposing party will suffer under the injunction."[41] If the defendants were enjoined to permit Mr. Martinez to participate the Parade as a clearly designated mayoral candidate, Draper City could

---

[38] *RoDa Drilling v. Siegal*, 552 F.3d 1203, 1211 (10th Cir. 2011).

[39] *Fish v. Kobach*, 840 F.3d 710, 751–52 (10th Cir 2016).

[40] *Id*. at 753.

[41] *Diné Citizens*, 839 F.3d at 1281.

face losses of public funding or the stigma of violating a state law. Enjoining Draper City in such a manner would also create conflict with other candidates who are prohibited from campaigning by virtue of their presence in the parade, particularly if they lacked the opportunity to make the same point that Mr. Martinez seeks to make in this lawsuit. Mr. Martinez may campaign at the same time as the Parade without having to place the city or other candidates at a disadvantage, legal or otherwise.

### 4. An injunction will adversely affect the public interest.

Finally, Mr. Martinez must show that the issuance of in an injunction in his favor "would not be adverse to the public interest."[42] He has not made this showing. Granting Mr. Martinez the ability to participate in the Parade as a mayoral candidate, after he has had substantial planning opportunity and only hours before the Parade begins, would change the ground rules that Draper City has chosen to adopt.[43] It would be unfair to other candidates for city office who have not had the same planning opportunity and would create an imbalance against the public interest. The injunction therefore will not issue.

### ORDER

Based upon the foregoing memorandum decision, Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction[44] is DENIED.

Signed July 21, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[42] *Diné Citizens*, 839 F.3d at 1281.

[43] *See generally* Draper City Resolution No. 15-28, Amended Complaint, Ex. AAA and Draper City Policy 15-01, Amended Complaint Ex. BBB.

[44] Motion, docket no. 3, filed July 12, 2017.